IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LAQUAN DESHEA STONE,**

    **Petitioner,**

v.                                                 **Civil Action No. 3:22cv701**

**TONYA CHAPMAN,** *et al.*,

    **Respondents.**

## MEMORANDUM OPINION

LaQuan Deshea Stone, a Virginia inmate, has submitted this petition for a writ of habeas corpus under 28 U.S.C. § 2254. ("§ 2254 Petition," ECF No. 4.) Respondent filed a Motion to Dismiss (ECF No. 10), with appropriate *Roseboro* Notice (ECF No. 12).[1] Nevertheless, Stone has failed to respond. At the inception, the Court notes that it recently dismissed as frivolous and for failure to state a claim a 42 U.S.C. § 1983 action by Stone raising nearly identical claims. *Stone v. Chapman*, No. 3:22CV663, 2023 WL 3632724, at *1 (E.D. Va. May 24, 2023). Accordingly, Stone's current redundant claims will not receive prolonged treatment here.

### I. Stone's § 2254 Petition

Stone is serving a thirty-three-year sentence for murder and use of a firearm in conjunction with that offense. (ECF No. 4, at 1.)[2] Stone is eligible for discretionary parole. (ECF No. 4, at 5.) Stone contends that Virginia Parole Board ("VPB") has denied him due

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, capitalization, and punctuation in the quotations from the parties' submissions.

process by refusing to release him on parole. (ECF No. 4, at 5.) Specifically, Stone contends that he is entitled to relief because:

| | |
|---|---|
| Claim One | "Virginia Parole Board is not properly applying mandated procedure governing discretionary parole, effecting Petitioner's liberty interest. According to Virginia Parole Board Manual located in Buckingham Law Library and Department of Corrections' website Petitioner meets [the] requirements for release." (ECF No. 4, at 5.) |
| Claim Two | "Petitioner [was] not given a 'specific reason' in order to properly challenge decision, forced to guess at what information considered. Reasons given are: (1) crimes committed; (2) serious nature and circumstances of your offense(s); the Board concludes that you should serve more of your sentence prior to release on parole; and, (4) release at this time would diminish seriousness of crime." (ECF No. 4, at 7.) |
| Claim Three | "The language of Virginia law governing parole has been amended to imply a prisoner will be released on parole when he meets requirements." (ECF No. 4, at 8.) |
| Claim Four | "Virginia Parole Board denied Petitioner equal protection under the law." (ECF No. 4, at 10.) |
| Claim Five | The Virginia Parole Board incorrectly determined that Petitioner was not suitable for release on parole.[3] |

## II. Analysis

As he did in his earlier § 1983 action, Stone contends that, in denying him parole, the Virginia Parole Board violated his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment.[4] "[C]laims such as these raised by Stone have been repeatedly

---

[3] Stone asserted he was bringing a Claim Five that was set forth on an attachment to his § 2254 Petition. (ECF No. 4, at 10.) Stone, however, failed to attach any document setting forth an additional claim to his § 2254 Petition. The Court, like Respondent, assumes Stone is attempting to raise here the same fifth claim that he raised in state habeas proceedings before the Supreme Court of Virginia. (*See* ECF No. 11, at 2 n.1.)

[4] "No State shall . . . deprive any person of life, liberty, or property, without due process of law nor deny to any person within its jurisdiction equal protection of the laws." U.S. Const. amend. XIV, § 1.

2

rejected by this Court and the United States Court of Appeals for the Fourth Circuit." *Stone v. Chapman*, No. 3:22CV663, 2023 WL 3632724, at *2 (E.D. Va. May 24, 2023). Claims One through Three, and Five essentially raise due process challenges, whereas Claim Four explicitly raises an equal protection challenge. In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, Stone's suggestion that the Virginia Parole Board has somehow deviated from state law fails to provide a basis for federal habeas relief, unless Stone can demonstrate the deviation also violates the Constitution.

A. **Due Process Based Claims**

As this Court previously explained:

> The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569–70 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected liberty or property interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citations omitted). Where government action impacts a protected liberty interest, the second step is to determine "what process is due" under the circumstances. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (observing that "due process is flexible . . . . not all situations calling for procedural safeguards call for the same kind of procedure").
>
> . . . .
>
> A liberty interest may arise from the Constitution itself, or from state laws and policies. *Wilkinson v. Austin*, 545 U.S. 209, 220–21 (2005). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "With no constitutional right to parole *per se*, federal courts recognize due process rights in an inmate only where the state has created a 'legitimate claim of entitlement' to some aspect of parole." *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996) (quoting *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991)). "Contrary to [Stone's] view . . . , 'the pertinent [Virginia] statutes, far from creating a presumption that release will be granted [if he meets certain criteria], absolutely prohibits parole unless the Parole Board decides otherwise.'" *Burnette v. Fahey*, No. 3:10CV70, 2010 WL 4279403, at *8 (E.D. Va. Oct. 25, 2010) (second alteration in original) (quoting *James v. Robinson*, 863 F. Supp. 275, 277 (E.D. Va.), *aff'd*, No. 94-7136, 1994 WL 709646 (4th Cir. Dec. 22, 1994)). The United States Court of Appeals for the Fourth Circuit consistently has

3

> found the pertinent Virginia statutes governing release on discretionary parole fail to create a protected liberty interest in *release* on parole. *See Burnette v. Fahey*, 687 F.3d 171, 181 (4th Cir. 2012) (citing *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991); *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996)).
>
> . . . .
>
> Virginia, however, has created a limited liberty interest in consideration for parole. *Burnette*, 687 F.3d at 181; *Burnette*, 2010 WL 4279403, at *8. "The question thus becomes what procedures are required under the Due Process Clause in [considering] an inmate for discretionary release on parole." *Burnette*, 2010 WL 4279403, at *8 (alteration in original) (quoting *Neal*, 2008 WL 728892, at *2). The Fourth Circuit has stated that the Constitution requires only a very limited amount of process in considering an inmate for parole. Specifically, "[a]t most, . . . parole authorities must furnish to the prisoner a statement of its reasons for denial of parole." *Burnette*, 687 F.3d at 181 (alteration and omission in original) (citation omitted) (internal quotation marks omitted). "So long as the statement provides a valid ground for denying parole, the federal courts cannot, under the guise of due process, demand more from the state." *Burnette*, 2010 WL 4279403, at *8 (citation omitted).
>
> Here, according to Stone, the VPB provided him with a statement of its reasons for denying him parole. Specifically, Stone represents that the VPB declined to release him on parole because: "release at this time would diminish seriousness of crime, serious nature and circumstances of your offense, crimes committed, and you should serve more of your sentence prior to release on parole." (ECF No. 12, at 2.) The Fourth Circuit has "concluded that that the parole board gave constitutionally sufficient reasons when it informed the prisoner that he was denied parole release because of 'the seriousness of [his] crime' and his 'pattern of criminal conduct.'" *Burnette*, 2010 WL 4279403, at *8 (alteration in original) (quoting *Bloodgood v. Garraghty*, 783 F.2d 470, 472, 474–75 (4th Cir. 1986)). Here, the VPB provided Stone with at least three valid grounds for its decision. *See Bloodgood*, 783 F.2d at 475 (explaining that the "denial rested on two valid reasons, and we see no reason to disturb the administrative judgments"). The reasons provided by the VPB for denying Stone parole did not deprive him of due process.

*Stone*, 2023 WL 3632724, at *2–3 (alterations in original).

As previously noted, the reasons provided to Stone for denying him release on discretionary parole are constitutionally adequate. Accordingly, Claim Two will be DISMISSED. Furthermore, to the extent that Stone asserts in Claims One, Three, and Five that he has a liberty interest in release on parole if he meets certain requirements, he is wrong. *See id.* Moreover, to the extent that, in Claims One, Three, and Five, Stone contends that the Virginia

4

Parole Board, "deviated from some state procedural requirement, such an omission fails to give rise to a federal due process claim." *Id.* at *4.

> Process only assumes significance in a context. The notion that naked process itself takes on constitutional dimensions has most troublesome implications. Courts have explicitly and repeatedly rejected the proposition that an individual has an interest in a state-created procedural device, such as a hearing, that is entitled to constitutional due process protection.... Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement.... The mere fact that the government has established certain procedures does not mean that the procedures thereby become substantive liberty interests entitled to federal constitutional protection under the Due Process Clause.... Such state procedural requirements must be enforced in state courts under state law.

*Id.* (quoting *Burnette*, 2010 WL 4279403, at *9–10). Accordingly, Claim One, Three, and Five will be DISMISSED.

### B. Equal Protection

Stone contends that he was denied equal protection because other inmates who were convicted of murder were granted parole earlier. This claim lacks merit.

> "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). In order to state an equal protection claim, Stone must allege that: (1) that he and a comparator inmate were treated differently and were similarly situated; and (2) that the different treatment was the result of discrimination. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). "[I]n light of the myriad of factors involved in a parole decision, '[i]t is difficult to believe that any two prisoners could ever be considered 'similarly situated' for the purpose of judicial review of an equal protection claim.'" *Reffitt v. Nixon*, 917 F. Supp. 409, 414 (E.D. Va. 1996) (second alteration in original) (quoting *Rowe v. Cuyler*, 534 F. Supp. 297, 301 (E.D.N.Y. 1982)). Stone has failed to allege sufficient facts to indicate he was treated differently than any other inmate who was similarly situated.

*Id.* at *4 (alterations in original). Accordingly, Claim Four will be DISMISSED.

5

### III. Conclusion

The Motion to Dismiss (ECF No. 10) will be GRANTED. Stone's claims and the action will be DISMISSED. The § 2254 Petition (ECF No. 4) will be DENIED. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 12/4/2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

6